Requestor: John Jaye Markos, Esq., Village Attorney Village of Lynbrook 269 Merrick Road Lynbrook, New York 11563
Written by: Siobhan S. Crary, Assistant Attorney General
You have asked for an opinion as to the legality of a proposed local law that would provide as follows:
 (a) Motor vehicles that are parked or operated on a public street or public highway in violation of any provision of any local law, state law, rule or regulation may be impounded by the police, and further that
 (b) motor vehicles that have accumulated three (3) or more outstanding and unpaid parking violations and which, after mailing a final notice to the registered owner are found operated or parked on a public street or public highway may be impounded by the police, and further providing
 (c) that such impounded vehicles may be disposed of in accordance with the procedures outlined in section 1224 of the NYS Vehicle and Traffic Law.
The State has preempted traffic regulation; a municipality may not regulate traffic except as expressly permitted by the Vehicle and Traffic Law. Vehicle and Traffic Law §§ 1600, 1604.
Villages may prohibit, restrict or limit the stopping, standing or parking of vehicles. Id., § 1640(6). Unattended vehicles may be removed and stored when found parked or abandoned on highways during snowstorms, floods, fires or other public emergencies, or when parked where stopping, standing or parking is prohibited or where they are obstructing traffic (id. § 1640[14]). The term "abandoned" is defined in Vehicle and Traffic Law § 1224. With respect to any abandoned vehicle, a village must follow the procedures established in section 1224.
Villages may establish other reasonable standards as local conditions may require, subject to limitations contained in State law (id. § 1640[16]). We concluded in an earlier opinion that a village may exercise its powers under Vehicle and Traffic Law § 1640 and authorize the attachment of a "boot" or locking device on certain vehicles that have been cited for three or more violations of parking regulations. 1981 Op Atty Gen (Inf) 229. There we noted that there is little difference in effect between "booting" and impoundment, since both serve temporarily to withdraw use of the vehicle. We also noted that a central issue in several cases challenging local regulations that authorize impoundment was whether procedural due process under the United States Constitution (14th Amendment) requires an opportunity for a hearing prior to the seizure of a vehicle. We concluded that a pre-seizure hearing is not always required when impounding illegally parked vehicles because
 "The seizure of a vehicle serves a significant governmental interest by assisting in the enforcement of traffic regulations. . . . Public safety and convenience normally require the prompt removal of illegally parked vehicles. . . . Where circumstances do not warrant prompt seizure of a vehicle, postponement of notice and hearing is impermissible. . . . Inability after reasonable efforts to learn the name and address of the vehicle owner dictates the need for prompt seizure action, for otherwise the violator will drive away. . . . The third prong of the Fuentes test is met if the public body retains strict control over the application of the seizure law and implementation of the seizure process . . . ".
1981 Op Atty Gen (Inf) at 230. These concerns should be taken into account in drafting a local law that authorizes impoundment for specified parking offenses. We also recommend that a local law authorizing impoundment permit the owner to reclaim the vehicle upon the posting of a bond as security for any fines or charges. 1981 Op Atty Gen (Inf) at 231. A village may not impose its own schedule of penalties, including impoundment, for traffic infractions because the penalties are set forth in the Vehicle and Traffic Law. 1986 Op Atty Gen (Inf) 62.
Section 1224 governs the seizure of abandoned vehicles and provides procedures that must be followed in disposing of these vehicles. These provisions are applicable only to "abandoned" vehicles as defined by that statute. Vehicle and Traffic Law § 511-b, for example, sets forth a different procedure for forfeiture of vehicles seized and impounded pursuant to section 511, which governs aggravated unlicensed operation of a motor vehicle. This demonstrates the Legislature's intent that the provisions of section 1224 not apply to disposition of impounded vehicles other than "abandoned" vehicles.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.